**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | |
|---|---|
| NIKKI L. STOY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )    CAUSE NO. 1:17-cv-00106-SLC |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
|     Defendant. | ) |

## OPINION AND ORDER

Plaintiff Nikki L. Stoy appeals to the district court from a final decision of the Commissioner of Social Security ("Commissioner") denying her application under the Social Security Act (the "Act") for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").[1] (DE 1). For the following reasons, the Commissioner's decision will be REVERSED, and the case will be REMANDED to the Commissioner in accordance with this Opinion and Order.

### I. PROCEDURAL AND FACTUAL HISTORY

Stoy applied for DIB and SSI in March 2014, alleging disability as of February 12, 2014. (DE 11 Administrative Record ("AR") 238-45). The Commissioner denied Stoy's application initially and upon reconsideration. (AR 129-30, 151-52). After a timely request, a hearing was held on November 16, 2015, before Administrative Law Judge Stephanie Katich ("the ALJ"), at which Stoy, who was represented by an attorney, and a vocational expert, Sharon Ringenberg (the "VE"), testified. (AR 39-89). On January 25, 2016, the ALJ rendered an unfavorable

---

[1] All parties have consented to the Magistrate Judge. (DE 14); *see* 28 U.S.C. § 636(c).

decision to Stoy, concluding that she was not disabled because despite the limitations caused by her impairments, she could perform a significant number of sedentary jobs in the economy, including charge account clerk, telephone order clerk, and optical final assembler. (AR 21-32). The Appeals Council denied Stoy's request for review (AR 1-6), at which point the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.981, 416.1481.

Stoy filed a complaint with this Court on March 21, 2017, seeking relief from the Commissioner's final decision. (DE 1). Stoy advances two arguments in this appeal: (1) that the ALJ's credibility determination is not supported by substantial evidence; and (2) that the ALJ improperly found at step two that Stoy's carpal tunnel syndrome was non-severe and further erred by failing to account for her carpal tunnel syndrome symptoms in the residual functional capacity ("RFC"). (DE 15 at 6-14).

At the time of the ALJ's decision, Stoy was 41 years old (AR 32, 238); had a high school degree and had attended one year of college (AR 263); and possessed past work experience as a home health aide, a bartender/waitress, and a production assembler (AR 73-74, 263, 321). At the time of the hearing, Stoy was working part-time as a bartender and waitress at an American Legion, working three and a half hours a night, two to three nights a week, and earning about $100 a week. (AR 45-48).

Stoy has a 15-year history of back pain and has undergone two corrective back surgeries (a laminectomy and a fusion) on her lumbar spine, as well as a third surgery to implant a spinal cord stimulator for pain control. (*See, e.g.*, AR 338, 363, 514, 580 591-93). She was more recently diagnosed with carpal tunnel syndrome in her right wrist. (AR 393, 645). She also suffers from various mental impairments, including a major depressive disorder, a generalized

2

anxiety disorder, an intermittent explosive disorder, and an impulse control disorder. (AR 375, 381, 412).

## II. STANDARD OF REVIEW

Section 405(g) of the Act grants this Court "the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Court's task is limited to determining whether the ALJ's factual findings are supported by substantial evidence, which means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (citation omitted). The decision will be reversed only if it is not supported by substantial evidence or if the ALJ applied an erroneous legal standard. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000) (citation omitted).

To determine if substantial evidence exists, the Court reviews the entire administrative record but does not reweigh the evidence, resolve conflicts, decide questions of credibility, or substitute its judgment for the Commissioner's. *Id.* Rather, if the findings of the Commissioner are supported by substantial evidence, they are conclusive. *Jens v. Barnhart*, 347 F.3d 209, 212 (7th Cir. 2003) (citation omitted). "In other words, so long as, in light of all the evidence, reasonable minds could differ concerning whether [the claimant] is disabled, we must affirm the ALJ's decision denying benefits." *Books v. Chater*, 91 F.3d 972, 978 (7th Cir. 1996).

## III. ANALYSIS

### A. *The Law*

Under the Act, a claimant is entitled to DIB or SSI if she establishes an "inability to

3

engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to . . . last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A), 1382c(a)(3)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Commissioner evaluates disability claims pursuant to a five-step evaluation process, requiring consideration of the following issues, in sequence: (1) whether the claimant is currently unemployed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the Commissioner, *see* 20 C.F.R. § 404, Subpt. P, App'x 1; (4) whether the claimant is unable to perform her past work; and (5) whether the claimant is incapable of performing work in the national economy.[2] *See Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001) (citations omitted); 20 C.F.R. §§ 404.1520, 416.920. An affirmative answer leads either to the next step or, on steps three and five, to a finding that the claimant is disabled. *Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001) (citation omitted). A negative answer at any point other than step three stops the inquiry and leads to a finding that the claimant is not disabled. *Id.* (citation omitted). The burden of proof lies with the claimant at every step except the fifth, where it shifts to the Commissioner. *Clifford*, 227 F.3d at 868 (citation omitted).

---

[2] Before performing steps four and five, the ALJ must determine the claimant's RFC or what tasks the claimant can do despite her limitations. 20 C.F.R §§ 404.1520(e), 404.1545(a), 416.920(e), 416.945(a). The RFC is then used during steps four and five to help determine what, if any, employment the claimant is capable of. 20 C.F.R. §§ 404.1520(e), 416.920(e).

*B. The Commissioner's Final Decision*

On January 25, 2016, the ALJ issued the decision that ultimately became the Commissioner's final decision. (AR 21-32). At step one of the five-step analysis, the ALJ found that Stoy had not engaged in substantial gainful activity since her alleged onset date. (AR 23). At step two, the ALJ found that Stoy had the following severe impairments: degenerative disc disease of the lumbar spine, status-post back surgery; radiculitis; post laminectomy syndrome; and chronic pain syndrome. (AR 24). At step three, the ALJ concluded that Stoy did not have an impairment or combination of impairments severe enough to meet or equal a listing. (AR 26-27). Before proceeding to step four, the ALJ determined that Stoy's symptom testimony was "not entirely credible" (AR 27), and the ALJ assigned her the following RFC:

> [T]he claimant has the residual functional capacity to perform sedentary work . . . except the claimant can occasionally climb ramps and stairs. She can occasionally balance, stoop, kneel, crouch, and crawl. The claimant can never climb ladders, ropes, or scaffolds.

(AR 27).

At step four, the ALJ found that Stoy was unable to perform any of her past relevant work. (AR 30). Based on the RFC and the VE's testimony, the ALJ concluded at step five that Stoy could perform a significant number of sedentary jobs in the national economy, including charge account clerk, telephone order clerk, and optical final assembler. (AR 31-32). Therefore, Stoy's applications for DIB and SSI were denied. (AR 32).

*C. The ALJ's Credibility Determination*

Stoy argues that the ALJ's discounting the credibility of her symptom testimony is not supported by substantial evidence. For the following reasons, Stoy's argument is persuasive

5

such that the ALJ's assessment of Stoy's symptom testimony will be remanded.

An ALJ's credibility determination concerning a claimant's symptom testimony is entitled to special deference because the ALJ is in the best position to evaluate the credibility of a witness. *Powers v. Apfel*, 207 F.3d 431, 435 (7th Cir. 2000). If an ALJ's determination is grounded in the record and she articulates her analysis of the evidence "at least at a minimum level," *Ray v. Bowen*, 843 F.2d 998, 1002 (7th Cir. 1988) (citation omitted), creating "an accurate and logical bridge between the evidence and the result," *Ribaudo v. Barnhart*, 458 F.3d 580, 584 (7th Cir. 2006) (citation omitted), her determination will be upheld unless it is "patently wrong," *Powers*, 207 F.3d at 435; *see Carradine v. Barnhart*, 360 F.3d 751, 754 (7th Cir. 2004) (remanding an ALJ's credibility determination because the ALJ's decision was based on "serious errors in reasoning rather than merely the demeanor of the witness"). "Since the ALJ is in the best position to observe witnesses, [courts] usually do not upset credibility determinations on appeal so long as they find some support in the record and are not patently wrong." *Herron v. Shalala*, 19 F.3d 329, 335 (7th Cir. 1994) (citations omitted).

Here, the ALJ found Stoy's symptom testimony "not entirely credible" for two reasons: (1) a lack of supporting objective medical evidence; and (2) Stoy's part-time work activity. The ALJ stated that Stoy's work at the American Legion was the primary factor detracting from her credibility. (AR 29). Stoy contends that the ALJ erred by heavily relying on her performance of part-time work in discrediting her symptom testimony, asserting that the ALJ misunderstood or mischaracterized the evidence.

At the hearing, Stoy testified that she was working part-time as a bartender and waitress at an American Legion, working two to three nights a week, three and a half hours each night.

6

(AR 45). The work involves mostly standing, but her manager lets her sit down and take a break whenever she needs to. (AR 46, 61). If she has a bad day physically, her manager lets her go home early or just not come in. (AR 50-51). Due to her back pain or medication side effects, Stoy leaves work early once a week, and she turns down three or four shifts a month that are offered to her. (AR 62-63). She testified that her manager is "pretty understanding." (AR 63). Stoy has worked at the American Legion for three years; she used to work up to 20 hours a week, but her hours were reduced due to her back pain. (AR 47). Stoy's manager submitted a letter, explaining how the American Legion "accommodat[ed]" Stoy's "limited abilities and pain" by letting her miss work as needed, sit down at least half of her shift, and take breaks as needed. (AR 322).

The ALJ rejected Stoy's testimony about the reason that she worked limited hours, pointing out that the American Legion is "only open Tuesday through Sunday" and that "all employees there are part-time." (AR 29). It is unclear, however, how the American Legion's hours and use of part-time employees undermine Stoy's testimony about her manager's accommodations of her back pain. *See Shramek v. Apfel*, 226 F.3d 809, 811 (7th Cir. 2000) (stating that an ALJ is required to "build an accurate and logical bridge between the evidence and the result").

The ALJ also rejected Stoy's testimony that she reduced her hours due to her back pain, observing that Stoy also testified that business at the American Legion was slow. (AR 29). But Stoy only testified that the American Legion's business was slow "right now," that is, on the date of the hearing; there was no testimony about the business at the time her hours were reduced. Furthermore, the ALJ's speculation that Stoy's hours were reduced due to slow business does

7

not square with Stoy's testimony that she has to refuse three to four shifts a month due to her back pain. In that regard, the VE testified that an individual cannot maintain competitive employment if he or she misses three or more days of work a month. (AR 81).

Ultimately, the ALJ's discrediting of Stoy's testimony about her reduced work schedule and her manager's accommodations of her back pain was based more on speculation, rather than on evidence of record. *See Wilder v. Chater*, 64 F.3d 335, 338 (7th Cir. 1995) (stating that an ALJ may not base a credibility determination on "rank conjecture"). While the ALJ was correct to consider Stoy's ability to perform part-time work as one factor in her credibility determination, *see Berger v. Astrue*, 516 F.3d 539, 546 (7th Cir. 2008); *Bailey v. Astrue*, No. 1:09-CV-43, 2009 WL 5176156, at *13 (N.D. Ind. Dec. 21, 2009); SSR 96-7p, 1996 WL 374186, at *6 (July 2, 1996),[3] the Seventh Circuit Court of Appeals has recently stated that "[p]art-time work is not good evidence of ability to engage in full-time employment, especially [if the claimant] was able to continue working part-time only because some managers gave her easier shifts and other preferential treatment." *Vanprooyen v. Berryhill*, 864 F.3d 567, 571 (7th Cir. 2017); *see Wilder*, 64 F.3d at 337-38 ("The fact that someone is employed is not proof positive that he is not disabled, for he may be desperate and exerting himself beyond his capacity, or his employer may be lax or altruistic." (citations omitted)).

Here, the record supports that Stoy was likely able to continue working part-time as a bartender or waitress only because she was afforded flexibility, unscheduled breaks, and preferential treatment. In that regard, the VE testified that Stoy's bartender and waitress job

---

[3] In March 2016, Social Security Ruling 96-7p was superseded by Social Security Ruling 16-3p, 2016, WL 1119029 (Mar. 16, 2016), republished at 2017 WL 5180304, at *6 (Oct. 25, 2017), but Social Security Ruling 96-7p governed at the time the ALJ issued her decision.

where she was allowed to take breaks at will would be an accommodated employment, rather than competitive employment. (AR 81). Thus, the ALJ's reliance on Stoy's part-time work as the primary reason for discrediting her testimony is not on solid ground. That leaves the ALJ's credibility determination resting primarily on the objective medical evidence of record.[4] But "[a]n ALJ may not discredit a claimant's testimony about her pain and limitations solely because there is no objective evidence supporting it." *Akin v. Berryhill*, 887 F.3d 314, 318 (7th Cir. 2018) (citation and internal quotation marks omitted).

It is true that the ALJ's limitation of Stoy to sedentary work would presumably account for her problems with prolonged standing that presently interfere with her bartender and waitress work. However, Stoy *also* testified that she has difficulty sitting for more than 10 minutes at a time, and that when sitting she has to support her weight using her arms on the armrests. (*See* AR 60-62, 66). The VE testified that a claimant's need to change positions more frequently than every 20 minutes is inconsistent with maintaining competitive employment. (AR 80). Here, the ALJ did not address Stoy's difficulties with prolonged sitting when assigning an RFC for sedentary work.

Additionally, the ALJ failed to consider in her credibility determination another relevant factor—medication side effects. *See* 20 C.F.R. §§ 404.1529(c), 416.929(c); SSR 96-7p, 1996 WL 374186, at *63. Stoy testified that her muscle relaxers cause her to feel tired within 30 minutes of taking them and that she has to nap thereafter. (AR 59-60). The ALJ did not address

---

[4] The ALJ also seemed to discredit Stoy's credibility because she testified that the heaviest items she usually lifts at the American Legion are bottles of alcohol, yet "on January 22, 2014, she reported to her provider that she had been lifting objects of about 40 pounds at work." (AR 29, 50, 363). The ALJ failed to mention, however, that Stoy was seeking care at the emergency room at the time because lifting that amount had aggravated her chronic back condition. (AR 363). Given that such lifting caused Stoy to go to the emergency room, it is unclear how Stoy's perhaps poor judgment in lifting in excess of her limitations undermines her credibility.

Stoy's difficulty with medication side effects when assigning an RFC for sedentary work.

In sum, an ALJ may not discount a claimant's symptom testimony solely on the basis of objective medical evidence. Because there are material problems with the ALJ's heavy reliance on Stoy's performance of part-time work, and because the ALJ failed to adequately articulate her consideration of other relevant factors under 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3), the case will be remanded so that the ALJ may reassess Stoy's symptom testimony in accordance with SSR 16-3p and build an accurate and logical bridge between the evidence and her conclusion.[5] *See Allord v. Barnhart*, 455 F.3d 818, 822 (7th Cir. 2006) ("The administrative law judge based his judgment call on a variety of considerations but three of them were mistaken. Whether he would have made the same determination had he not erred in these respects is speculative.").

## IV. CONCLUSION

For the foregoing reasons, the decision of the Commissioner is REVERSED, and the case is REMANDED to the Commissioner in accordance with this Opinion and Order. The Clerk is

---

[5] Because a remand is warranted based on the ALJ's assessment of Stoy's symptom testimony, the Court need not reach Stoy's remaining argument—that the ALJ improperly found at step two that Stoy's carpal tunnel syndrome was non-severe and further erred by failing to account for her carpal tunnel syndrome symptoms in the RFC. Having said that, the Court notes that Stoy's counsel acknowledged at the hearing that the medical evidence of Stoy's carpel tunnel syndrome was "recent," "in the real early stages," and "hadn't been developed yet" (AR 42), and "doesn't seem to be . . . very strongly suggestive of a significant carpal tunnel issue" (AR 84-85). Nor has Stoy pointed to any upper extremity limitations assigned by a doctor based on her carpal tunnel syndrome. Moreover, the ALJ asked the VE about a hypothetical individual with Stoy's RFC but with an additional limitation of "occasional right upper extremity handling and fingering." (AR 81). The VE responded that while this additional limitation would eliminate the three jobs that she had cited, she could identify two other sedentary jobs—a call-out operator and a surveillance system monitor—that such a hypothetical individual could perform. (AR 81-82). This suggests that Stoy's argument concerning her carpal tunnel syndrome has little merit. *See Loftis v. Berryhill*, No. 15 C 10453, 2017 WL 2311214, at *2 n.1 (N.D. Ill. May 26, 2017) ("[A]ny error that an ALJ commits at step two is harmless as long as she goes on to consider the combined impact of a claimant's severe and non-severe impairments." (citing *Curvin v. Colvin*, 778 F.3d 645, 648-49 (7th Cir. 2015)); *see generally Shramek*, 226 F.3d at 814 (explaining that harmless errors are those that do not ultimately impact the outcome of the determination).

directed to enter a judgment in favor of Stoy and against the Commissioner.

SO ORDERED.

Entered this 11th day of July 2018.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge